1  E. MARTIN ESTRADA
   United States Attorney
2  MACK E. JENKINS
   Assistant United States Attorney
3  Chief, Criminal Division
   SEAN D. PETERSON
4  Assistant United States Attorney
   Chief, Riverside Branch Office
5  STEPHEN T. MERRILL (Cal. Bar No. 255827)
   Special Assistant United States Attorney
6  Assistant United States Attorney
       3403 Tenth Street, Suite 200
7      Riverside, California 92501
       Telephone: (951) 276-6267
8      Facsimile: (951) 276-6202
       E-mail:   Stephen.Merrill@usdoj.gov
9
   Attorneys for Plaintiff
10 UNITED STATES OF AMERICA

```
FILED
CLERK, U.S. DISTRICT COURT

01/23/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ____AP____ DEPUTY
```

11              UNITED STATES DISTRICT COURT

12           FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          ED CR No. 23-00052-MCS

14          Plaintiff,                 PLEA AGREEMENT FOR DEFENDANT
                                       SERGIO MAYA
15             v.

16  SERGIO MAYA,

17          Defendant.

18

19

20       1.   This constitutes the plea agreement between Sergio Maya

21  ("defendant") and the United States Attorney's Office for the Central

22  District of California (the "USAO") in the above-captioned case.

23  This agreement is limited to the USAO and cannot bind any other

24  federal, state, local, or foreign prosecuting, enforcement,

25  administrative, or regulatory authorities.

26                     DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a one-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

1          i.   Complete the Financial Disclosure Statement on a form
2     provided by the USAO and, within 30 days of defendant's entry of a
3     guilty plea, deliver the signed and dated statement, along with all
4     of the documents requested therein, to the USAO by either email at
5     usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
6     Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
7     Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
8     criminal debt shall be assessed based on the completed Financial
9     Disclosure Statement and all required supporting documents, as well
10    as other relevant information relating to ability to pay.

11         j.   Authorize the USAO to obtain a credit report upon
12    returning a signed copy of this plea agreement.

13         k.   Consent to the USAO inspecting and copying all of
14    defendant's financial documents and financial information held by the
15    United States Probation and Pretrial Services Office.

16         l.   Not seek, argue for, or suggest in any way, either
17    orally or in writing, a sentence of less than 168 months'
18    imprisonment.

19                          THE USAO'S OBLIGATIONS
20    3.   The USAO agrees to:

21         a.   Not contest facts agreed to in this agreement.

22         b.   Abide by all agreements regarding sentencing contained
23    in this agreement.

24         c.   At the time of sentencing, move to dismiss the
25    underlying indictment, which charges a violation of 21 U.S.C. §§
26    841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death,
27    that carries a mandatory minimum sentence of 20 years of
28    imprisonment, as against defendant.  Defendant agrees, however, that

3

1   at the time of sentencing the Court may consider any dismissed

2   charges in determining the applicable Sentencing Guidelines range,

3   the propriety and extent of any departure from that range, and the

4   sentence to be imposed.

5        d.   At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offense up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11                    NATURE OF THE OFFENSE

12       4.   Defendant understands that for defendant to be guilty of

13  the crime charged in the superseding information, that is, Possession

14  with Intent to Distribute Fentanyl, in violation of Title 21, United

15  States Code, Sections 841(a)(1), (b)(1)(C), the following must be

16  true:

17        a.   First, defendant knowingly possessed fentanyl;

18        b.   Second, defendant knew that it was fentanyl or some

19  other federally controlled substance; and

20        c.   Third, defendant intended to distribute it to another

21  person.

22                 PENALTIES AND RESTITUTION

23       5.   Defendant understands that the statutory maximum sentence

24  that the Court can impose for a violation of Title 21, United States

25  Code, Sections 841(a)(1), (b)(1)(C), is: 20 years' imprisonment; a

26  lifetime period of supervised release; a fine of $1,000,000 or twice

27  the gross gain or gross loss resulting from the offense, whichever is

28  greatest; and a mandatory special assessment of $100.

6.   Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), is: a 3-year period of supervised release in addition to any term of imprisonment, and a mandatory special assessment of $100.

7.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

1     9.   Defendant understands that under 21 U.S.C. § 862a,

2   defendant will not be eligible for assistance under state programs

3   funded under the Social Security Act or Federal Food Stamp Act or for

4   federal food stamp program benefits, and that any such benefits or

5   assistance received by defendant's family members will be reduced to

6   reflect defendant's ineligibility.

7     10.  Defendant understands that, by pleading guilty, defendant

8   may be giving up valuable government benefits and valuable civic

9   rights, such as the right to vote, the right to possess a firearm,

10  the right to hold office, and the right to serve on a jury. Defendant

11  understands that he is pleading guilty to a felony and that it is a

12  federal crime for a convicted felon to possess a firearm or

13  ammunition.  Defendant understands that the conviction in this case

14  may also subject defendant to various other collateral consequences,

15  including but not limited to revocation of probation, parole, or

16  supervised release in another case and suspension or revocation of a

17  professional license.  Defendant understands that unanticipated

18  collateral consequences will not serve as grounds to withdraw

19  defendant's guilty plea.

20    11.  Defendant and his counsel have discussed the fact that, and

21  defendant understands that, if defendant is not a United States

22  citizen, the conviction in this case makes it practically inevitable

23  and a virtual certainty that defendant will be removed or deported

24  from the United States.  Defendant may also be denied United States

25  citizenship and admission to the United States in the future.

26  Defendant understands that while there may be arguments that

27  defendant can raise in immigration proceedings to avoid or delay

28  removal, removal is presumptively mandatory and a virtual certainty

1  in this case.  Defendant further understands that removal and

2  immigration consequences are the subject of a separate proceeding and

3  that no one, including his attorney or the Court, can predict to an

4  absolute certainty the effect of his conviction on his immigration

5  status.  Defendant nevertheless affirms that he wants to plead guilty

6  regardless of any immigration consequences that his plea may entail,

7  even if the consequence is automatic removal from the United States.

8                              FACTUAL BASIS

9      12.  Defendant admits that defendant is, in fact, guilty of the

10  offense to which defendant is agreeing to plead guilty.  Defendant

11  and the USAO agree to the statement of facts provided below and agree

12  that this statement of facts is sufficient to support a plea of

13  guilty to the charge described in this agreement and to establish the

14  Sentencing Guidelines factors set forth in paragraph 14 below but is

15  not meant to be a complete recitation of all facts relevant to the

16  underlying criminal conduct or all facts known to either party that

17  relate to that conduct.

18      On May 26, 2022, in Riverside County within the Central District

19  of California, defendant possessed fentanyl with intent to distribute

20  it to another.  He, in fact, distributed the fentanyl to C.A., the

21  use of which resulted in C.A.'s death on or about May 26, 2022.

22      Specifically, on the early morning of May 26, 2022, defendant

23  met with C.A. near C.A.'s apartment in Lake Elsinore, California, and

24  distributed fentanyl to C.A.  Defendant knew that the substance he

25  distributed to C.A. contained fentanyl or some other federally

26  controlled substance.  C.A. used the fentanyl on May 26, 2022, and

27  died as a result of using the fentanyl that defendant distributed to

28  him.

1                          SENTENCING FACTORS

2        13.  Defendant understands that in determining defendant's

3   sentence the Court is required to calculate the applicable Sentencing

4   Guidelines range and to consider that range, possible departures

5   under the Sentencing Guidelines, and the other sentencing factors set

6   forth in 18 U.S.C. § 3553(a).  Defendant understands that the

7   Sentencing Guidelines are advisory only, that defendant cannot have

8   any expectation of receiving a sentence within the calculated

9   Sentencing Guidelines range, and that after considering the

10  Sentencing Guidelines and the other § 3553(a) factors, the Court will

11  be free to exercise its discretion to impose any sentence it finds

12  appropriate up to the maximum set by statute for the crime of

13  conviction.

14       14.  Defendant and the USAO agree to the following applicable

15  Sentencing Guidelines factors:

16      Base Offense Level:            38        U.S.S.G. § 2D1.1(a)(2)

17  Defendant and the USAO reserve the right to argue that additional

18  specific offense characteristics, adjustments, and departures under

19  the Sentencing Guidelines are appropriate.

20       15.  Pursuant to U.S.S.G. §§ 1B1.2(a) and (c), the parties

21  stipulate that the defendant committed a separate violation of 21

22  U.S.C. § 841(b)(1)(C) (distribution of controlled substances

23  resulting in death), in that, on or about May 26, 2022, the defendant

24  knowingly and intentionally distributed fentanyl, the use of which

25  resulted in the death of C.A., and that such overdose death resulting

26  from the defendant's distribution of fentanyl constitutes a more

27  serious offense than the offense of conviction for purposes of

28  calculating the applicable Sentencing Guidelines offense level.

                                    8

1  Accordingly, pursuant to U.S.S.G. §§ 2D1.1(a)(2), 1B1.2(a) and

2  1B1.2(c), the parties stipulate that the Court should calculate the

3  Sentencing Guidelines as if defendant had been convicted of the

4  offense described in this paragraph and apply a base offense level

5  38.  The parties further stipulate that application of such a base

6  offense level, which is greater than the base offense level that

7  would otherwise apply, is independently supported by U.S.S.G. §

8  5K2.1.  Defendant will not recommend, argue, or otherwise suggest

9  that the Court impose a base offense level other than 38.

10      16.  Defendant understands that there is no agreement as to

11  defendant's criminal history or criminal history category.

12      17.  Defendant and the USAO reserve the right to argue for a

13  sentence outside the sentencing range established by the Sentencing

14  Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),

15  (a)(2), (a)(3), (a)(6), and (a)(7).

16                    WAIVER OF CONSTITUTIONAL RIGHTS

17      18.  Defendant understands that by pleading guilty, defendant

18  gives up the following rights:

19           a.   The right to persist in a plea of not guilty.

20           b.   The right to a speedy and public trial by jury.

21           c.   The right to be represented by counsel -- and if

22  necessary have the Court appoint counsel -- at trial.  Defendant

23  understands, however, that, defendant retains the right to be

24  represented by counsel -- and if necessary have the Court appoint

25  counsel -- at every other stage of the proceeding.

26           d.   The right to be presumed innocent and to have the

27  burden of proof placed on the government to prove defendant guilty

28  beyond a reasonable doubt.

1           e.   The right to confront and cross-examine witnesses

2   against defendant.

3           f.   The right to testify and to present evidence in

4   opposition to the charges, including the right to compel the

5   attendance of witnesses to testify.

6           g.   The right not to be compelled to testify, and, if

7   defendant chose not to testify or present evidence, to have that

8   choice not be used against defendant.

9           h.   Any and all rights to pursue any affirmative defenses,

10  Fourth Amendment or Fifth Amendment claims, and other pretrial

11  motions that have been filed or could be filed.

12                  <u>WAIVER OF APPEAL OF CONVICTION</u>

13      19.  Defendant understands that, with the exception of an appeal

14  based on a claim that defendant's guilty plea was involuntary, by

15  pleading guilty defendant is waiving and giving up any right to

16  appeal defendant's conviction on the offense to which defendant is

17  pleading guilty.  Defendant understands that this waiver includes,

18  but is not limited to, arguments that the statute to which defendant

19  is pleading guilty is unconstitutional, and any and all claims that

20  the statement of facts provided herein is insufficient to support

21  defendant's plea of guilty.

22              <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

23      20.  Defendant agrees that, provided the Court imposes a total

24  term of imprisonment on all counts of conviction within the statutory

25  maximum, defendant gives up the right to appeal all of the following:

26  (a) the procedures and calculations used to determine and impose any

27  portion of the sentence; (b) the term of imprisonment imposed by the

28  Court; (c) the fine imposed by the Court, provided it is within the

1   statutory maximum; (d) to the extent permitted by law, the

2   constitutionality or legality of defendant's sentence, provided it is

3   within the statutory maximum; (f) the term of probation or supervised

4   release imposed by the Court, provided it is within the statutory

5   maximum; and (g) any of the following conditions of probation or

6   supervised release imposed by the Court: the conditions set forth in

7   Second Amended General Order 20-04 of this Court; the drug testing

8   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the

9   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

10      21.  The USAO agrees that, provided (a) all portions of the

11  sentence are at or below the statutory maximum specified above and

12  (b) the Court imposes a term of imprisonment of no less than 168

13  months, the USAO gives up its right to appeal any portion of the

14  sentence.

15                  <u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

16      22.  Defendant agrees that if, after entering a guilty plea

17  pursuant to this agreement, defendant seeks to withdraw and succeeds

18  in withdrawing defendant's guilty plea on any basis other than a

19  claim and finding that entry into this plea agreement was

20  involuntary, then (a) the USAO will be relieved of all of its

21  obligations under this agreement; and (b) should the USAO choose to

22  pursue any charge that was either dismissed or not filed as a result

23  of this agreement, then (i) any applicable statute of limitations

24  will be tolled between the date of defendant's signing of this

25  agreement and the filing commencing any such action; and

26  (ii) defendant waives and gives up all defenses based on the statute

27  of limitations, any claim of pre-indictment delay, or any speedy

28  trial claim with respect to any such action, except to the extent

                                    11

that such defenses existed as of the date of defendant's signing this agreement.

EFFECTIVE DATE OF AGREEMENT

23.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

24.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney or Special Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing.  If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.   Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

1    a.    Defendant agrees that any applicable statute of
2  limitations is tolled between the date of defendant's signing of this
3  agreement and the filing commencing any such action.
4    b.    Defendant waives and gives up all defenses based on
5  the statute of limitations, any claim of pre-indictment delay, or any
6  speedy trial claim with respect to any such action, except to the
7  extent that such defenses existed as of the date of defendant's
8  signing this agreement.
9    c.    Defendant agrees that: (i) any statements made by
10  defendant, under oath, at the guilty plea hearing (if such a hearing
11  occurred prior to the breach); (ii) the agreed to factual basis
12  statement in this agreement; and (iii) any evidence derived from such
13  statements, shall be admissible against defendant in any such action
14  against defendant, and defendant waives and gives up any claim under
15  the United States Constitution, any statute, Rule 410 of the Federal
16  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal
17  Procedure, or any other federal rule, that the statements or any
18  evidence derived from the statements should be suppressed or are
19  inadmissible.
20        COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
21                        OFFICE NOT PARTIES
22    26.    Defendant understands that the Court and the United States
23  Probation and Pretrial Services Office are not parties to this
24  agreement and need not accept any of the USAO's sentencing
25  recommendations or the parties' agreements to facts or sentencing
26  factors.
27    27.    Defendant understands that both defendant and the USAO are
28  free to: (a) supplement the facts by supplying relevant information

13

1    to the United States Probation and Pretrial Services Office and the

2    Court, (b) correct any and all factual misstatements relating to the

3    Court's Sentencing Guidelines calculations and determination of

4    sentence, and (c) argue on appeal and collateral review that the

5    Court's Sentencing Guidelines calculations and the sentence it

6    chooses to impose are not error, although each party agrees to

7    maintain its view that the calculations in paragraph 14 are

8    consistent with the facts of this case.  While this paragraph permits

9    both the USAO and defendant to submit full and complete factual

10   information to the United States Probation and Pretrial Services

11   Office and the Court, even if that factual information may be viewed

12   as inconsistent with the facts agreed to in this agreement, this

13   paragraph does not affect defendant's and the USAO's obligations not

14   to contest the facts agreed to in this agreement.

15      28.  Defendant understands that even if the Court ignores any

16   sentencing recommendation, finds facts or reaches conclusions

17   different from those agreed to, and/or imposes any sentence up to the

18   maximum established by statute, defendant cannot, for that reason,

19   withdraw defendant's guilty plea, and defendant will remain bound to

20   fulfill all defendant's obligations under this agreement.  Defendant

21   understands that no one -- not the prosecutor, defendant's attorney,

22   or the Court -- can make a binding prediction or promise regarding

23   the sentence defendant will receive, except that it will be within

24   the statutory maximum.

25                        NO ADDITIONAL AGREEMENTS

26      29.  Defendant understands that, except as set forth herein,

27   there are no promises, understandings, or agreements between the USAO

28   and defendant or defendant's attorney, and that no additional

                                   14

1   promise, understanding, or agreement may be entered into unless in a

2   writing signed by all parties or on the record in court.

3                PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

4         30.  The parties agree that this agreement will be considered

5   part of the record of defendant's guilty plea hearing as if the

6   entire agreement had been read into the record of the proceeding.

7   AGREED AND ACCEPTED

8   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
9   CALIFORNIA

10  E. MARTIN ESTRADA
    United States Attorney

11

12  _____          1/23/2024
                                               _____
13  STEPHEN T. MERRILL                         Date
    Special Assistant U.S. Attorney

14  _____

15  SERGIO MAYA                                1·18·24
    Defendant                                  _____
                                               Date
16

17  _____          1/18/24
                                               _____
18  DAVID LEE MENNINGER                        Date
    Attorney for Defendant
    SERGIO MAYA

19

20

21                    CERTIFICATION OF DEFENDANT

22        I have read this agreement in its entirety.  I have had enough

23  time to review and consider this agreement, and I have carefully and

24  thoroughly discussed every part of it with my attorney.  I understand

25  the terms of this agreement, and I voluntarily agree to those terms.

26  I have discussed the evidence with my attorney, and my attorney has

27  advised me of my rights, of possible pretrial motions that might be

28  filed, of possible defenses that might be asserted either prior to or

                                  15

1  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

2  of relevant Sentencing Guidelines provisions, and of the consequences

3  of entering into this agreement.  No promises, inducements, or

4  representations of any kind have been made to me other than those

5  contained in this agreement.  No one has threatened or forced me in

6  any way to enter into this agreement.  I am satisfied with the

7  representation of my attorney in this matter, and I am pleading

8  guilty because I am guilty of the charge and wish to take advantage

9  of the promises set forth in this agreement, and not for any other

10 reason.

11

12 _____        _____
   SERGIO MAYA                        Date   1.18.24
13 Defendant

14

15               CERTIFICATION OF DEFENDANT'S ATTORNEY

16     I am Sergio Maya's attorney.  I have carefully and thoroughly

17 discussed every part of this agreement with my client.  Further, I

18 have fully advised my client of his rights, of possible pretrial

19 motions that might be filed, of possible defenses that might be

20 asserted either prior to or at trial, of the sentencing factors set

21 forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

22 provisions, and of the consequences of entering into this agreement.

23 To my knowledge: no promises, inducements, or representations of any

24 kind have been made to my client other than those contained in this

25 agreement; no one has threatened or forced my client in any way to

26 enter into this agreement; my client's decision to enter into this

27 agreement is an informed and voluntary one; and the factual basis set

28

                              16

1  forth in this agreement is sufficient to support my client's entry of

2  a guilty plea pursuant to this agreement.

3  _____          1/18/24

4  DAVID LEE MENNINGER                    Date
   Attorney for Defendant

5  SERGIO MAYA

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9      Exhibit A
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10                           UNITED STATES DISTRICT COURT

11                    FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,          ED CR No. 23-00052(A)-MCS

13            Plaintiff,                S U P E R S E D I N G
                                        I N F O R M A T I O N
14            v.
                                        [21 U.S.C. §§ 841(a)(1),
15   SERGIO MAYA,                       (b)(1)(C): Possession with Intent
                                        to Distribute Fentanyl]
16            Defendant.

17

18        The United States Attorney charges:

19               [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

20        On or about May 26, 2022, in Riverside County, within the

21   Central District of California, defendant SERGIO MAYA

22   ///

23   ///

24

25

26

27

28

knowingly and intentionally possessed with intent to distribute

fentanyl, a Schedule II narcotic drug controlled substance.

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney

2

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and a resident of Riverside County, California.  I am over 18 years of age, and I am not a party to the above-entitled action.  My business address is the United States Attorney's Office, 3403 Tenth Street, Suite 200, Riverside, California 92501.

On this date, January 23, 2024 I served a copy of the following entitled document(s) PLEA AGREEMENT

as follows:

☐   by placing the document in a sealed envelope, addressed to the person specified below, and placing it for interoffice delivery within the courthouse:

■   by e-mailing a pdf. version of the document to the e-mail address specified below:

☐   by placing the document in a sealed envelope, addressed to the person specified below, and placing it for U.S. mail delivery:

**David Lee Menninger**
**david_menninger@fd.org**

I declare under penalty of perjury that the foregoing is true and correct.  Executed on, January 23, 2024 at Riverside, California.

/s/ _____
Brenda Tovar